**Not for Publication in West's Federal Reporter**
# United States Court of Appeals
## For the First Circuit

---

No. 19-1389

THOMAS FRANCHINI,

Plaintiff, Appellee,

v.

INVESTOR'S BUSINESS DAILY, INC., d/b/a INVESTOR'S BUSINESS DAILY,

Defendant, Appellant,

BANGOR PUBLISHING COMPANY, INC., d/b/a BANGOR DAILY NEWS; MEG HASKELL; EDWARD MURPHY; GANNETT COMPANY, INC., d/b/a USA TODAY; DONOVAN SLACK; SALLY PIPES; MTM ACQUISITION, INC., d/b/a PORTLAND PRESS HERALD,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

---

Before[*]

Lynch, Circuit Judge,
and Saris[**], District Judge.

---

Russell B. Pierce, Jr., with whom Norman, Hanson & DeTroy, LLC were on brief, for appellant.
Raymond W. Belair, with whom Belair & Associates, P.C. were on brief, for appellee.

---

January 17, 2024

---

[*] Judge Torruella heard oral argument in this case and participated in the initial semble thereafter. His death on October 26, 2020, ended his involvement in this case. The remaining two panelists issued this opinion pursuant to 28 U.S.C. § 46(d).

[**] Of the District of Massachusetts, sitting by designation.

**LYNCH**, **Circuit Judge**.  In January 2018 Thomas Franchini brought this diversity jurisdiction case in federal court alleging four state law counts of defamation and one state law count of misrepresentation arising out of articles published or written by the defendants concerning deficiencies in medical care at VA hospitals.  These articles also detailed various malpractice actions which had been brought against Franchini, then a physician at the Togus VA Medical Center in Augusta, Maine.  Case No. 19-1389 is an interlocutory appeal in that case from the denial by the district court of defendant Investor's Business Daily, Inc.'s ("IBD"), special motion to strike Franchini's defamation claim against it under Maine's anti-SLAPP statute on March 25, 2019. Franchini v. Bangor Publishing Co., Inc. ("Franchini I"), 383 F. Supp. 3d 50, 64-65 (D. Me. 2019).  We dismiss IBD's interlocutory appeal for lack of jurisdiction.

We do not address here Franchini's appeal from the later September 3, 2021, entry of summary judgment for defendants on Franchini's defamation claims, Franchini v. Bangor Publishing Co., Inc. ("Franchini II"), 560 F. Supp. 3d 312 (D. Me. 2021), including, as separately entered under the same reasoning on June 8, 2022, for IBD.  We adopt the facts as stated in that order, id. at 317-26, and state only those additional facts necessary to the resolution of this appeal.

On March 19, 2018, IBD moved to strike Franchini's complaint pursuant to Maine's anti-SLAPP statute, Me. Rev. Stat. tit. 14, § 556. The district court denied that motion on March 29, 2019. Franchini I, 383 F. Supp. 3d at 64-65. IBD then filed an interlocutory appeal in this court, and the district court stayed all further proceedings as to IBD. On November 13, 2020, this court issued an opinion finding jurisdiction over IBD's interlocutory appeal under the collateral order doctrine[1] and certifying a question as to IBD's special motion to strike to the

---

[1] This court concluded it had jurisdiction over IBD's interlocutory appeal because it satisfied the four-factor test for application of the collateral order doctrine. See Franchini v. Investor's Business Daily, Inc., 981 F.3d 1, 6 (1st Cir. 2020) (citing Godin v. Schencks, 629 F.3d 79, 83-84 (1st Cir. 2010)). In particular, this court concluded that the appeal met the requirement that it present an issue which would effectively be unreviewable on appeal from a final judgment because

> IBD is denied meaningful relief if it must go through the time and expense of fully litigating this matter before it can address the anti-SLAPP issue. Indeed, the Maine Law Court has reached the same conclusion in permitting state interlocutory appeals from denials of Maine's anti-SLAPP law. [Schelling v. Lindell, 942 A.2d 1226, 1229-30 (Me. 2008)] ("We allow interlocutory appeals from denials of special motions to dismiss brought pursuant to the anti-SLAPP statute because a failure to grant review of these decisions at this stage would impose additional litigation costs on defendants, the very harm the statute seeks to avoid, and would result in a loss of defendants' substantial rights.").

Id. at 7.

Maine Supreme Judicial Court.  Franchini v. Investor's Business Daily, Inc., 981 F.3d 1, 8, 10 (1st Cir. 2020).  On February 10, 2022, the Maine Supreme Judicial Court issued an opinion declining to answer that certified question.  Franchini v. Investor's Business Daily, Inc., 268 A.3d 863, 867 (Me. 2022).

On December 17, 2020, after this court had certified the question to the Maine Supreme Judicial Court but before that court issued its opinion, all defendants moved the district court for summary judgment as to the defamation claims.  The defendants argued Franchini was a public figure and thus could not recover for defamation absent actual malice, which the district court had already determined he had failed to plead.[2]  The district court granted that motion and entered judgment on Franchini's defamation claims as to all defendants other than IBD on September 3, 2021.[3]  Franchini II, 560 F. Supp. 3d at 333.  It did not reach the defamation claim against IBD on the grounds that it lacked

---

[2]     On March 29, 2019, the district court concluded that Franchini's operative complaint failed to plead actual malice and that any leave to amend would be futile as to that issue. Franchini I, 383 F. Supp. 3d at 58-60.  Franchini nevertheless filed a Second Amended Complaint without leave on December 20, 2019, which he argues adequately pled actual malice.  The district court dismissed that complaint on April 15, 2020, concluding that it failed to sufficiently plead actual malice.

[3]     Franchini filed a notice of appeal of the district court's partial summary judgment order on September 16, 2021. This court dismissed that appeal for lack of jurisdiction on April 15, 2022.

jurisdiction to do so due to IBD's pending interlocutory appeal.[4] At that time, Franchini had one other live claim in addition to the defamation claim against IBD: Count V, a misrepresentation claim brought against Gannett Company, Inc., and Donovan Slack. See id. at 333.

On October 1, 2021, IBD filed a motion in this court for "limited remand" of its interlocutory appeal to allow the district court to consider entry of summary judgment in its favor on Franchini's defamation claim. This court granted that motion on October 13, 2021. Doubts about its jurisdiction having been resolved, the district court entered summary judgment in IBD's favor on June 8, 2022, invoking the law of the case doctrine and its September 3, 2021, order.

On July 5, 2023, the district court entered final judgment after it had granted summary judgment to the remaining defendants, Gannett Company, Inc. and Slack, as to Count V. Franchini v. Gannett Co., Inc., No. 1:18-00015, 2023 WL 4350680, at *1 (D. Me. July 5, 2023). Franchini filed a timely appeal after final judgment, which this court docketed as Case No. 23-1633.

---

[4] As to IBD the district court concluded that "[t]o the extent that IBD has joined the pending Motion for Summary Judgment, . . . the ongoing stay and interlocutory appeal prevent the Court from ruling on the merits of IBD's request for summary judgment. Thus, the Motion shall be denied without prejudice to later renewal as to Defendant IBD only." Id. at 326 n.30.

This court consolidated that appeal with IBD's pending interlocutory appeal, Case No. 19-1389, on September 8, 2023.

IBD asks us to resolve its pending interlocutory appeal after entry of final judgment in IBD's favor, but this court no longer has interlocutory jurisdiction over that order. Here, IBD requested remand of its interlocutory appeal so the district court could resolve its motion for summary judgment. The district court entered summary judgment in IBD's favor and final judgment has entered. In consequence, Case No. 19-1389 does not meet the requirements for interlocutory jurisdiction, and we must dismiss IBD's interlocutory appeal for lack of jurisdiction. See Awuah v. Coverall North America, Inc., 585 F.3d 479, 483 (1st Cir. 2009).

For the reasons stated above, we dismiss IBD's interlocutory appeal, Case No. 19-1389. This opinion is without prejudice as to any application for attorney's fees by the prevailing party on appeal in the merits case.